E-FILED
Friday, 13 January, 2017  05:12:09 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NICOLE BOGART, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-01088-HAB |
| | ) | |
| vs. | ) | Hon. Judge Colin Stirling Bruce |
| | ) | |
| MICHAEL MARRON, individually | ) | Hon. Magistrate Judge Eric I. Long |
| and in his official capacity as | ) | |
| Vermilion County Board Chairman, | ) | |
| and VERMILION COUNTY, | ) | Jury Trial Demand |
| | ) | |
| Defendants. | ) | |

## First Amended Complaint

NOW COMES the Plaintiff, NICOLE "NIKKI" BOGART, by and through her attorney, O'Connor | O'Connor, P.C., and for her Complaint, complains against Defendants, MICHAEL MARRON, individually and in his official capacity as VERMILION COUNTY BOARD CHAIRMAN, and VERMILION COUNTY, and alleges and states as follows:

### COMMON ALLEGATIONS

#### *Parties*

1. Plaintiff, NICOLE "NIKKI" BOGART, is a resident of Vermilion County.

2. Defendant, MICHAEL MARRON, is an individual residing in Vermilion County and currently holds the office of VERMILION COUNTY BOARD

CHAIRMAN.  Defendant Marron is Vermilion County official with final policymaking authority in the County personnel decisions.

3.   Defendant, VERMILION COUNTY, is a political subdivision of the State of Illinois, subject to all applicable statutes of the State of Illinois and governed by county ordinances passed by the County Board.

## Jurisdiction and Venue

4.   This Court has jurisdiction over Plaintiff's federal claims in Counts IV and VII pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983.

5.   This Court has supplemental jurisdiction over Plaintiff's state claim in Counts I, II, III, V, and VI pursuant to 28 U.S.C. § 1367.

6.   Venue is proper under 28 U.S.C. 1391(b) because the events giving rise to the claim alleged herein occurred within the Central District of Illinois.

## Nature of Action

7.   Plaintiff brings this action to redress her unlawful termination by VERMILION COUNTY and MICHAEL MARRON in violation of the First Amendment and Fourteenth Amendment of the United States Constitution as secured by 42 U.S.C.§1983, Local Government Employees Political Rights Act, 50 ILCS 135 *et seq*, Retaliatory Discharge, The Illinois Constitution Article I, Sections 4 -5, and the Illinois Election Code 10 ILCS 5/29-17.

## *Background*

8.  On or about July 2, 2007, Plaintiff, NICOLE "NIKKI" BOGART, was hired as the Financial Resources Director for Defendant, VERMILION COUNTY.

9.  At the time she was hired, Plaintiff, NICOLE "NIKKI" BOGART, was highly qualified for the position, with a Bachelor's Degree in Accountancy from the University of Illinois at Urbana-Champaign, 13 years of accountant and financial experience, and 10 years of experience as a County Board Member working directly on the County's budget.

10. At all times, Plaintiff, NICOLE "NIKKI" BOGART, performed her duties as Financial Resources Director as a nonpartisan professional in an efficient and effective manner that only received praise and acclaim from every County Board Chairman she worked with, that earned her routine merit-based pay increases, and that gained her only positive performance reviews, including that her work "exceeds expectations."

11. At no time prior to January 30, 2015, did Plaintiff, NICOLE "NIKKI" BOGART, ever receive notice of any disciplinary actions or complaints about her job performance as the Financial Resources Director.

12. In or about July 2011, Defendant, MICHAEL MARRON, was appointed as a Republican Party member of the County Board for Defendant, VERMILION COUNTY.

13. In or about May 2012, the Vermilion County Republican Central Committee selected Defendant, MICHAEL MARRON, as the Vermilion County Republican Party Chairman.

14. During the November 2012 General Election, Plaintiff, NICOLE "NIKKI" BOGART, was the Democratic Party nominee for the office of Vermilion County Recorder of Deeds.

15. At the November 2012 General Election, the Republican Party gained a one-seat majority on the County Board for the first time in over 20 years.

16. On or about December 3, 2012, the County Board elected Gary Weinard as the County Board Chairman and Defendant, MICHAEL MARRON, as the County Board Vice-Chairman.

17. Almost immediately after they took office, Defendant, MICHAEL MARRON, began to pressure Gary Weinard to terminate Plaintiff, NICOLE "NIKKI" BOGART, as the Financial Resources Director for Defendant, VERMILION COUNTY.

18.  Upon information and belief, Defendant, MICHAEL MARRON, told Gary Weinard and others that he wanted Plaintiff, NICOLE "NIKKI" BOGART, terminated because she ran for Vermilion County Recorder as the Democratic Party nominee.

19. Upon information and belief, Defendant, MICHAEL MARRON, told Gary Weinard and others that it was a "slap to his face" for Plaintiff, NICOLE

"NIKKI" BOGART, to seek public office as a Democratic Party nominee while he was the Vermilion County Republican Party Chairman.

20.  Upon information and belief, Defendant, MICHAEL MARRON, made other comments to Gary Weinard and others making it clear that he wanted Plaintiff, NICOLE "NIKKI" BOGART, removed from her nonpartisan public service position because she had sought office as a Democratic Party candidate and wanted personnel decisions for other Vermilion County employees to be made to advance his own partisan political interests.

21.  Between December 3, 2012 and December 2, 2014, Gary Weinard refused each and every repeated request by Defendant, MICHAEL MARRON, to terminate Plaintiff, NICOLE "NIKKI" BOGART.

22.  On December 2, 2014, the County Board elected Defendant, MICHAEL MARRON, as the County Board Chairman.

23.  On January 30, 2015, less than two months after assuming the position of County Board Chairman, Defendant, MICHAEL MARRON, told Plaintiff, NICOLE "NIKKI" BOGART, he was terminating her employment with Defendant, VERMILION COUNTY, and she had to clean out her office immediately.

24.  During the meeting with Defendant, MICHAEL MARRON, Plaintiff, NICOLE "NIKKI" BOGART, was not given any reason or justification for her immediate termination.

25. Prior to terminating Plaintiff, NICOLE "NIKKI" BOGART, without warning or reason, Defendant, MICHAEL MARRON, had only given her positive feedback about her job performance, including sending her the following <u>message only two weeks prior</u> to her termination:

> I want you to know that you are a valued member of my team, and the financial resources director of our county. You are instrumental in the success of this administration. You belong in situations like that. I appreciate all your hard work and everything you've done to help me learn so far.

26. The first time that Plaintiff, NICOLE "NIKKI" BOGART, was given any explanation for her termination was only after she hired an attorney and filed a formal grievance pursuant to Section 13.02.06 of the Vermilion County Personnel Policies and after several demands in writing by her attorney for an explanation.

27. On or about March 6, 2015, Defendant, MICHAEL MARRON, through his attorney, stated he terminated Plaintiff for "<u>insubordination, gross misconduct, negligence, and inefficiency</u>," pursuant to Section 13.02.06 of the Vermilion County Personnel Policies.

28. On March 17, 2015, a grievance hearing was held pursuant to Section 13.02.06 of the Vermilion County Personnel Policies, which was attended in full by Defendant, MICHAEL MARRON, Plaintiff, NICOLE "NIKKI" BOGART, Charles D. Mockbee IV, an Assistant State's Attorney for Defendant, VERMILION COUNTY, Matthew Duco, attorney for Plaintiff, and the grievance committee members: Steve Fourez, County Board Member, Bruce

Stark, County Board Member, Jenny Trimmell, County employee, Susan Pacot, County employee, and Tony VanCamp, County employee.

29.    Upon information and belief, Defendant, MICHAEL MARRON told others that he terminated Plaintiff because she had "misappropriated funds," when he knew such statements were false.

30.    On or about January 22, 2015, Defendant, MICHAEL MARRON, held a meeting after work hours at the County Board Offices with the County's civil attorney, the County's Director of Human Resources, and the Vice Chairman of the County Board, to discuss Plaintiff, NICOLE "NIKKI" BOGART.

31.    Upon information and belief, the purpose for calling the after hour meeting on or about January 22, 2015, was to discuss Defendant, MICHAEL MARRON's intentions to terminate Plaintiff, NICOLE "NIKKI" BOGART, and to have her replaced with an "interim" Financial Resources Director that he had already selected.

32.    On or before January 28, 2015, two days before the supposed "gross misconduct" that necessitated the termination of Plaintiff, NICOLE "NIKKI" BOGART, Defendant, MICHAEL MARRON, ordered the Human Resources Director to draft an open position posting for the position of Financial Resources Director for the purposes of hiring a "permanent" Financial Resources Director.

33.    On or about February 2, 2015, the Monday following the Friday termination of Plaintiff, NICOLE "NIKKI" BOGART, Defendant, MICHAEL MARRON,

announced to several County officials that he had hired a new Financial
Resources Director who would be starting in a week.

34. On Monday, February 9, 2015, the "interim" Financial Resources Director pre-
selected by Defendant, MICHAEL MARRON, started employment with
Defendant, VERMILION COUNTY.

35. In or about May 2015, Defendants hired a so-called "permanent" Financial
Resources Director, a 22-year-old male with no purported experience who
started less than 48 hours after graduating college, but who is a politically
connected ally of Defendant, MICHAEL MARRON.

36. The County Board Chairman job description, in relevant part, states that:

   a. "Acts as policy leader to make effective use of board committees and
   county departments for policy development"; and

   b. "shall have such other duties, powers and functions as may from time
   to time be assigned by the County Board." *See* Exhibit A to
   Defendants' Memorandum in Support of their Motion to Dismiss, 16-
   cv-01088, Docket Entry 6-1 pg. 3-4.

37. Section 13.02.06 of the Vermilion County Personnel Policies "Termination,"
states, in relevant part, "A department head/officeholder may terminate an
employee.[…] The Grievance Committee shall recommend a decision as to the
grievance. Final authority is that of the department head/officeholder." *See*
Exhibit C to Defendants' Memorandum in Support of their Motion to Dismiss,
16-cv-01088, Docket Entry 6-1 pg. 66-67

38. Plaintiff, NICOLE "NIKKI" BOGART, had never committed any of the causes allowed for an immediate termination pursuant to Section 13.02.06 of the Vermilion County Personnel Policies, and alternative personnel actions were never considered.

39. Section 14.01 of the Vermilion County Personnel Policies states:

"No employee of Vermilion County shall be subject to direct or indirect political influence or coercion. Employees are not required to participate in or contribute financially to political campaigns. Political affiliation or support is not a contingency for employment with Vermilion County." *See* Exhibit C to Defendants' Memorandum in Support of their Motion to Dismiss, 16-cv-01088, Docket Entry 6-1 pg. 68.

<u>Count I</u>
<u>VIOLATION OF THE LOCAL GOVERNMENT EMPLOYEES</u>
<u>POLITICAL RIGHTS ACT (50 ILCS 135 *et seq.*)</u>
<u>against VERMILION COUNTY</u>

40. Plaintiff, NICOLE "NIKKI" BOGART, herein repeats and re-alleges paragraphs 1 through 39 of the Common Allegations, and hereby incorporates them as though fully set forth herein.

41. At all times relevant, there existed in the State of Illinois a statute entitled the Local Governmental Employees Political Rights Act, 50 ILCS 135 *et seq.*, which provides (emphasis added):

§ 10. Political rights protected. (a) No unit of local government or school district may make or enforce any rule or ordinance that in any way inhibits or prohibits any of its employees from exercising the

employee's political rights.

(b) <u>No employee of a unit of local government or school district may (i)
use his or her official position of employment to coerce or inhibit others
in the free exercise of their political rights</u> or (ii) engage in political
activities while at work or on duty.

42.  At all times relevant, the Local Governmental Employees Political Rights Act,

50 ILCS 135 *et seq.*, also provides (emphasis added):

§ 5. Definition; political rights. "Political rights" include, without
limitation, the following political activities: to petition, to make public
speeches, <u>to campaign for or against political candidates</u>, to speak out
on questions of public policy, to distribute political literature, to make
campaign contributions, and <u>to seek public office</u>.

43.  In violation of the aforementioned statute, Defendant, MICHAEL MARRON,

under color of law, terminated Plaintiff, from employment with Defendant

VERMILION COUNTY because:

a.  she had sought public office in 2012 as a nominee from the Democratic
Party;

b.  she actively campaigned for Democratic Party candidates who sought
office in Vermilion County; and

c.  she was prominently and openly associating with the Democrat Party.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff the
following equitable relief:

i.     reinstatement with full seniority, rights, and benefits

ii.    an award of back pay and back benefits;

iii.   an award of front pay and front benefits;

iv.    an award of the costs of this action and reasonable attorney's fees;

v.      an award of pre- and post-judgment interest on the foregoing damages;

vi.     an order requiring Defendants to remove any and all claim-related adverse information from Plaintiff's personnel file and employment records, and to correct or retract any such information that previously has been communicated or disseminated to any third party;

vii.    all such other equitable relief available to Plaintiff under this cause of action; and

iix.    all such other relief that this Court deems just and equitable.

## Count II
## VIOLATION OF THE LOCAL GOVERNMENT EMPLOYEES POLITICAL RIGHTS ACT OF THE STATE OF ILLINOIS (50 ILCS 135 *et seq.*) against MICHAEL MARRON, in his individual and official capacity

44.  Plaintiff, NICOLE "NIKKI" BOGART, herein repeats and re-alleges paragraphs 1 through 43 of the Common Allegations, and hereby incorporates them as though fully set forth herein.

45.  At all times relevant, there existed in the State of Illinois a statute entitled the Local Governmental Employees Political Rights Act, 50 ILCS 135 *et seq.*, which provides (emphasis added):

§ 10. Political rights protected. (a) No unit of local government or school district may make or enforce any rule or ordinance that in any way inhibits or prohibits any of its employees from exercising the employee's political rights.

(b) **No employee of a unit of local government or school district may (i) use his or her official position of employment to coerce or inhibit others in the free exercise of their political rights** or (ii) engage in political activities while at work or on duty.

46.   At all times relevant, the Local Governmental Employees Political Rights Act,

50 ILCS 135 *et seq.*, also provides (emphasis added):

> § 5. Definition; political rights. "Political rights" include, without
> limitation, the following political activities: to petition, to make public
> speeches, **to campaign for or against political candidates**, to speak out
> on questions of public policy, to distribute political literature, to make
> campaign contributions, and **to seek public office**.

47.   In violation of the aforementioned statute, Defendant, MICHAEL MARRON,

under color of law, terminated Plaintiff, from employment with Defendant

VERMILION COUNTY because:

a.   she had sought public office in 2012 as a nominee from the Democratic

Party;

b.   she actively campaigned for Democratic Party candidates who sought

office in Vermilion County; and

c.   she was prominently and openly associating with the Democrat Party.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff the

following equitable relief:

i.      reinstatement with full seniority, rights, and benefits

ii.     an award of back pay and back benefits;

iii.    an award of front pay and front benefits;

iv.    an award of the costs of this action and reasonable attorney's fees;

v.     an award of pre- and post-judgment interest on the foregoing damages;

vi.    an order requiring Defendants to remove any and all claim-related

adverse information from Plaintiff's personnel file and employment

records, and to correct or retract any such information that previously

has been communicated or disseminated to any third party;

vii.    all such other equitable relief available to Plaintiff under this cause of

action; and

iix.    all such other relief that this Court deems just and equitable.

<u>Count III</u>
<u>RETALIATORY DISCHARGE</u>
<u>against MICHAEL MARRON, in his individual and official capacities,</u>
<u>and VERMILION COUNTY</u>

48.  Plaintiff, NICOLE "NIKKI" BOGART, herein repeats and re-alleges

paragraphs 1 through 47 of the Common Allegations, and hereby incorporates

them as though fully set forth herein.

49.  Illinois has codified, in Local Governmental Employees Political Rights Act, 50

ILCS 135 *et seq.*, along with the U.S. and the Illinois Constitutions, a clear

mandate of public policy that public employees cannot be terminated because

they campaign for or against political candidates or seek public office.

50.  Plaintiff, NICOLE "NIKKI" BOGART, was terminated on January 30, 2015,

from employment with Defendant, VERMILION COUNTY, by its agent,

Defendant, MICHAEL MARRON, in his official capacity as VERMILION

COUNTY BOARD CHAIRMAN.

51.  Defendant, MICHAEL MARRON, under color of law, terminated Plaintiff,

from employment with Defendant VERMILION COUNTY because:

a. she had sought public office in 2012 as a nominee from the Democratic Party;

b. she actively campaigned for Democratic Party candidates who sought office in Vermilion County; and

c. she was prominently and openly associating with the Democrat Party.

52. The termination of Plaintiff, NICOLE "NIKKI" BOGART, for her protected political activity was a violation of a clear mandate of public policy.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff the following equitable relief:

i.      reinstatement with full seniority, rights, and benefits

ii.     an award of back pay and back benefits;

iii.    an award of front pay and front benefits;

iv.    an award of the costs of this action and reasonable attorney's fees;

v.     an award of pre- and post-judgment interest on the foregoing damages;

vi.    an order requiring Defendants to remove any and all claim-related adverse information from Plaintiff's personnel file and employment records, and to correct or retract any such information that previously has been communicated or disseminated to any third party;

vii.   all such other equitable relief available to Plaintiff under this cause of action; and

iix.   all such other relief that this Court deems just and equitable.

<u>Count IV</u>
<u>Violation of First Amendment Rights</u>
<u>U.S. CONST. AMEND. XIV, 42 U.S.C. §1983</u>
<u>against MICHAEL MARRON in his individual and official capacities,</u>
<u> and VERMILION COUNTY</u>

53.   Plaintiff, NICOLE "NIKKI" BOGART, herein repeats and re-alleges paragraphs 1 through 52 of the Common Allegations, and hereby incorporates them as though fully set forth herein.

54.   The First Amendment to the U.S. Constitution states:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

55.   The First Amendment's guarantee of freedom of speech, freedom of assembly and association, right to redress grievances, has been incorporated against the States. *See*, respectively, *Gitlow v. New York*, 268 U.S. 652 (1925); *DeJonge v. Oregon*, 299 U.S. 353 (1937); *NAACP v. Alabama*, 357 U.S. 449 (1958); *Roberts v. United States Jaycees*, 468 U.S. 609 (1984); and *Edwards v. South Carolina*, 372 U.S. 229 (1963).

56.   Plaintiff has a first amendment right to free speech in the form of her political platform and campaign in running for the office of Vermillion County Recorder of Deeds.

57. Plaintiff has a first amendment right to free assembly and association in being a member of the Democratic Party, and being appointed by that Party as their candidate for Recorder.

58. Plaintiff has a first amendment right to petition government for redress of grievances, through running for political office.

59. Plaintiff's aforementioned First Amendment rights outweighed any interest of the Defendants in suppressing those rights.

60. Plaintiff was terminated by Defendant Marron, under color of law, as a result of her exercise of the aforementioned First Amendment Rights.

61. Defendant Marron is County official with final policymaking authority in the County personnel decisions.

62. Defendant acted intentionally and with callous and reckless disregard for Plaintiff's clearly established constitutional rights.

63. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, she has suffered and continues to suffer severe and substantial damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff:

    i.     reinstatement with full seniority, rights, and benefits

    ii.    an award of back pay and back benefits;

    iii.   an award of front pay and front benefits;

    iv.   an award of compensatory damages;

    v.    an award of punitive damages (Defendant Marron only);

vi.    an award of the costs of this action and reasonable attorney's fees;

vii.   an award of pre- and post-judgment interest on the foregoing damages;

viii.  an order requiring Defendants to remove any and all claim-related
       adverse information from Plaintiff's personnel file and employment
       records, and to correct or retract any such information that previously
       has been communicated or disseminated to any third party;

ix.    all such other relief that this is recognized by the law as available to
       Plaintiff under this cause of action; and

x.     all such other relief that this Court deems just and equitable.

.

## Count V
### Violation of Freedom of Speech, Assembly, and Petition
### Ill. CONST. Art. I §§ 4, 5
### against MICHAEL MARRON in his individual and official capacities,
### and VERMILION COUNTY

64.   Plaintiff, NICOLE "NIKKI" BOGART, herein repeats and re-alleges
      paragraphs 1 through 63 of the Common Allegations, and hereby incorporates
      them as though fully set forth herein.

65.   "All persons may speak, write and publish freely, being responsible for the
      abuse of that liberty. In trials for libel, both civil and criminal, the truth, when
      published with good motives and for justifiable ends, shall be a sufficient
      defense." Ill. Const. art. I, § 4.

66.   "The people have the right to assemble in a peaceable manner, to consult for the common good, to make known their opinions to their representatives and to apply for redress of grievances" Ill. Const. art. I, § 5.

67. Plaintiff has a right to free speech in the form of her political platform and campaign in running for the office of Vermillion County Recorder of Deeds.

68. Plaintiff has a right to free assembly and association in being a member of the Democratic Party, and being appointed by that Party as their candidate for Recorder.

69. Plaintiff has a right to petition government for redress of grievances, through running for political office.

70. Plaintiff's aforementioned rights outweighed any interest of the Defendants in suppressing those rights.

71. Plaintiff was terminated by Defendant Marron, under color of law, as a result of her exercise of the aforementioned rights under the Illinois Constitution.

72. Defendant Marron is County official with final policymaking authority in the County personnel decisions.

73. Defendants acted intentionally and with callous and reckless disregard for Plaintiff's clearly established constitutional rights.

74. As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, she has suffered and continues to suffer severe and substantial damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff the

following equitable relief:

     i.      reinstatement with full seniority, rights, and benefits

     ii.     an award of back pay and back benefits;

     iii.    an award of front pay and front benefits;

     iv.    an award of the costs of this action and reasonable attorney's fees;

     v.     an award of pre- and post-judgment interest on the foregoing damages;

     vi.    an order requiring Defendants to remove any and all claim-related adverse information from Plaintiff's personnel file and employment records, and to correct or retract any such information that previously has been communicated or disseminated to any third party;

     vii.   all such other equitable relief available to Plaintiff under this cause of action; and

     iix.   all such other relief that this Court deems just and equitable.

<u>Count VI</u>
<u>DEPRIVATION OF CONSTITUTIONAL RIGHTS</u>
<u>ILLINOIS ELECTION CODE (10 ILCS 5/29-17)</u>
<u>against MICHAEL MARRON, in his individual and official capacities,</u>
<u>and VERMILION COUNTY</u>

75.    Plaintiff, herein repeats and re-alleges paragraphs 1 through 74 of the Common Allegations, and hereby incorporates them as though fully set forth herein.

76.    Section 29-17 of the Illinois Election Code states:

"Any person who subjects, or causes to be subjected, a citizen of the State of Illinois or other person within the jurisdiction thereof to the deprivation of

any rights, privileges, or immunities secured by the Constitution or laws of the United States or of the State of Illinois, relating to registration to vote, the conduct of elections, voting, or the nomination or election of candidates for public or political party office, shall be liable to the party injured or any person affected, in any action or proceeding for redress." 10 ILCS 5/29-17.

77.   In violation of the aforementioned statute, Defendant, MICHAEL MARRON, under color of law, terminated Plaintiff, from employment with Defendant VERMILION COUNTY because:

    a.   she had sought public office in 2012 as a nominee from the Democratic Party;

    b.   she actively campaigned for Democratic Party candidates who sought office in Vermilion County; and

    c.   she was prominently and openly associating with the Democrat Party.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff the following equitable relief:

    i.    reinstatement with full seniority, rights, and benefits

    ii.    an award of back pay and back benefits;

    iii.    an award of front pay and front benefits;

    iv.    an award of the costs of this action and reasonable attorney's fees;

    v.    an award of pre- and post-judgment interest on the foregoing damages;

    vi.    an order requiring Defendants to remove any and all claim-related adverse information from Plaintiff's personnel file and employment

records, and to correct or retract any such information that previously

has been communicated or disseminated to any third party;

vii.  all such other equitable relief available to Plaintiff under this cause of

action; and

iix.  all such other relief that this Court deems just and equitable.

**Count VII**
**Violation of US Equal Protection Clause**
**U.S. CONST. AMEND. XIV, 42 U.S.C. §1983**
**against MICHAEL MARRON in his individual and official capacities,**
**and VERMILION COUNTY**

78.  In Plaintiff, herein repeats and re-alleges paragraphs 1 through 87 of the

Common Allegations, and hereby incorporates them as though fully set forth

herein.

79.  Plaintiff was discriminated against by both Defendants for her political

affiliation.

80.  Political affiliation is suspect classification under the Equal Protection clause.

81.  Plaintiff was discriminated against in the exercise of her fundamental rights

as outlined in Counts IV, V, and VI.

82.  Defendants' actions were motivated by discriminatory purposes because

Plaintiff was terminated due to her political affiliation and her exercise of her

fundamental rights as outlined in Counts IV, V, and VI.

83.  Plaintiff experienced disparate treatment from Defendants and Defendants'

course action was undertaken at least in part to punish Plaintiff for her

political affiliation and her exercise of her fundamental rights as outlined in Counts IV, V, and VI.

84.    Defendants' actions also had a discriminatory effect on Plaintiff because no other similarly situated employees who reported to Defendant Marron who had not engaged in the same activities or invoked the same fundamental rights as Plaintiff were not terminated.

85.    Both Defendants' actions were acting under the color of state law in their termination of Plaintiff.

86.    Defendant Marron is County official with final policymaking authority in the County personnel decisions.

**WHEREFORE**, Plaintiff prays that this Honorable Court grant Plaintiff:

   i.    reinstatement with full seniority, rights, and benefits

   ii.   an award of back pay and back benefits;

   iii.  an award of front pay and front benefits;

   iv.   an award of compensatory damages;

   v.    an award of punitive damages (Defendant Marron only);

   vi.   an award of the costs of this action and reasonable attorney's fees;

   vii.  an award of pre- and post-judgment interest on the foregoing damages;

   viii. an order requiring Defendants to remove any and all claim-related adverse information from Plaintiff's personnel file and employment records, and to correct or retract any such information that previously has been communicated or disseminated to any third party;

ix.     all such other relief that this is recognized by the law as available to

Plaintiff under this cause of action; and

x.      all such other relief that this Court deems just and equitable.


## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

jury in this action.


Respectfully Submitted,
Plaintiff NICOLE BOGART,

By: /s/ Kevin F. O'Connor
        Kevin F. O'Connor
        One of her attorneys

Kevin F. O'Connor (ARDC # 6300449)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste. 312
Elmhurst, IL 60126
Tel.  630-456-1596
Fax. 630-658-0336
kevin@oconnor-oconnor.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, the foregoing document was served this

day on all counsel of record via transmission by electronic mail; all parties to this

action being authorized to, and currently utilizing, the CM/ECF system for the

Central District of Illinois.

/s/ Kevin O'Connor .

Kevin F. O'Connor (ARDC # 6300449)
O'Connor | O'Connor, P.C.
110 E. Schiller St., Ste. 312
Elmhurst, IL 60126
Tel.  630-456-1596
Fax. 630-658-0336
kevin@oconnor-oconnor.com